UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICAHEL J. RITACCO and<br>FRANCIS X. GARTLAND,<br><br>　　　　　　Defendants. | Hon. Peter G. Sheridan<br><br>**MEMORANDUM**<br><br>Crim. No. 10-713 (PGS) |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRANK COTRONEO,<br><br>　　　　　　Defendant. | Crim. No.10-696 (PGS) |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRANK D'ALONZO<br><br>　　　　　　Defendant. | Crim. No. 10-697 (PGS) |

　　　　This matter comes before the Court on the United States' motion to add Travelers Casualty and Surety Company of America ("Travelers") to the victim list (Ritacco/Gartland, ECF No. 156); and Defendants' application to strike the appearance of counsel for Travelers and Toms River School District ("Toms River") from the record (Ritacco/Gartland: ECF No. 165; Cotroneo: ECF No. 34; D'Alonzo: ECF No. 46). The Court heard oral argument on May 19, 2021. For the reasons that follow, the United States' motion to name Travelers as a victim is

1

denied, but Travelers is named as a provider of compensation to the victim. Defendants' application to strike Toms River's and Travelers' appearance is denied. In addition, two other issues are addressed herein: (1) whether restitution payments to Toms River were correctly accounted for by the Clerk's Office; and (2) whether Travelers, as an insurer of the victim, may receive restitution for any amounts it paid to Toms River.

I.

This case concerns four defendants who pled guilty to involvement in a bribery and kickback scheme to defraud Toms River between 2002 and 2010. (Michael J. Ritacco: Case No. 10-713, ECF Nos. 79, 77; Francis X. Gartland: Case No. 10-713, ECF No. 82; Frank Cotroneo: Case No. 10-696, ECF No. 14; Frank D'Alonzo: Case No. 10-697, ECF No. 17). The Hon. Joel A. Pisano[1] sentenced each defendant and ordered each to pay restitution to Toms River jointly and severally. (Ritacco: ECF Nos. 77, 78; Gartland: ECF No. 81; Cotroneo: ECF No. 14; D'Alonzo: ECF No. 16). Ritacco, Gartland, and D'Alonzo were sentenced in 2012, and Cotroneo in 2014. (*Id.*). Applying the Mandatory Victims Restitution Act ("MVRA"), Judge Pisano determined that Toms River was the sole victim. (Ritacco: ECF No. 77 at 3; Gartland: ECF No. 80 at 3; D'Alonzo: ECF No. 15 at 3; *see also* Cotroneo: ECF No. 14 at 6). Judge Pisano ordered Defendants to pay restitution to Toms River in the amount of $4,336,987.91, to be paid jointly and severally, with D'Alonzo liable up to $1,625,952.79, Cotroneo liable up to $3,275,677.65, and Ritacco and Gartland each liable up to $4,336,987.91. (Ritacco/Gartland: ECF Nos. 191, 192; Cotroneo: ECF No. 33; D'Alonzo: ECF No. 42 ("Feb. 2021 Accounting") Ex. E).

---

[1] May he rest in peace.

The chronology of the facts concerning restitution is pertinent to the resolution of all the issues before the Court.

On February 14, 2012, Toms River submitted a claim under an insurance policy issued by Travelers for indemnification against its losses from Defendants' scheme. (Ritacco: ECF No. 170-3).

During the winter of 2012, Ritacco and Gartland were sentenced to a term of incarceration of 135 months and ordered to pay restitution in the amount of $4,336,987.91. (Ritacco: ECF No. 79; Gartland: ECF No. 82).

On December 19, 2012, D'Alonzo was sentenced to a term of incarceration of 37 months and ordered to pay restitution in the amount of $1,625,952.79. (D'Alonzo: ECF No. 17).

On October 29, 2013, Travelers issued two checks totaling $909,607.00 based on Ritacco's criminal conduct towards Toms River. (Ritacco: ECF No. 170-9). Simultaneously, Toms River executed a "Partial Release and Assignment" to Travelers. (Ritacco: ECF No. 170-10).

On January 6, 2014, Cotroneo was sentenced to a 37-month term of incarceration and ordered to pay restitution in the amount of $3,275,677.65. (Cotroneo: ECF No. 14).

On June 19, 2015, Travelers issued five checks to Toms River totaling $589,688.00. (Ritacco: ECF No. 170-9). Simultaneously, Toms River executed a "Partial Release and Assignment" to Travelers. (Ritacco: ECF No. 170-11).

On or about July 29, 2015, counsel for Toms River (Carluccio, Leone, Dimon, Doyle & Sacks, LLC) sent a letter to William Carnanthan, Investigator for the U.S. Attorney's Office, regarding restitution and forfeiture funds. The letter noted that (1) Toms River had received $1,499,295.00 to date from Travelers, and Travelers disputed additional claims by Toms River;

and (2) Toms River had received $1,313,701.84 in restitution from the U.S. Attorney's Office. The latter fact is most likely incorrect because restitution was disbursed from the Clerk's Office's finance department, not the U.S. Attorney's Office. The letter further requested that the U.S. Attorney release forfeiture funds to Toms River in the amount of $1 million.

On September 9, 2015, the Clerk's Office received a copy of the July 29, 2015 letter from Toms River's counsel to Investigator Carnanthan. Later that month, as a result of the letter, the Clerk's Office's finance department unilaterally decided, without an order from the Court, to credit Travelers' payment in the amount of $1,499,295.00 against the amount of restitution owed. (*See* Feb. 2021 Accounting Ex. E; *see also* Cotroneo: ECF No. 34 at 4).

On December 9, 2016, and January 23, 2017, Travelers indemnified Toms River for other claims in the amount of $150,000.00. (Ritacco: ECF No. 170-9). Unlike the initial sum of $1,499,295.00, the finance department did not adjust the restitution balance to reflect those subsequent payments.

Presently, Defendants have continued making payments. The Defendants have paid the following amounts as of February 2021:

| | |
|---|---|
| D'Alonzo | $12,875.00 |
| Cotroneo | $8,892.79 |
| Gartland | $4,744.49 |
| Ritacco | $2,426,131.37 |

(Feb. 2021 Accounting Ex. E).

In May 2020, the United States moved for an order directing the Clerk to amend the victim list to include Travelers, because Travelers suffered a loss when it indemnified Toms River for a portion of its losses. (Ritacco/Gartland: ECF No. 156; Cotroneo: ECF No. 17;

4

D'Alonzo: ECF No. 24).[2]  Further, the United States argued that Travelers should be compensated for those payments after Toms River has been fully compensated. (Ritacco/Gartland: ECF No. 156 at 1-3).

One month later, counsel for Travelers and counsel for Toms River entered appearances on the record.  (Ritacco/Gartland: ECF Nos. 161, 164; Cotroneo: ECF No. 19; D'Alonzo: ECF No. 26).  According to Travelers, it wishes "to be heard in conjunction with the Government's motion to add Travelers to the restitution victim's list as a successor to the initial direct victim, Toms River, as a result of and to the extent of Travelers' insurance payment to Toms River." (Ritacco/Gartland: ECF No. 167).

In August 2020, the Court ordered the finance department to perform an audit and update the accounting.  (Ritacco: ECF No. 175).  The Clerk's Office submitted an updated financial record in February 2021.  (*See* ECF Nos. 191, 192).  No party objected to the updated accounting.

II.

There are several motions and applications pending before the Court.  Before addressing the government's substantive motion, the first order of business is to resolve Defendants' applications to strike the appearances of Toms River and Travelers.

As previously noted, Judge Pisano found that Toms River was the sole victim of the crimes committed by the Defendants.  Among other things, victims have a statutory right to be heard on sentencing a defendant.  *See* 18 U.S.C. § 3771(a).

The Crime Victims' Rights Act ("CVRA") defines a "crime victim" as "a person **directly and proximately harmed as a result of the commission of a Federal offense . . .**" 18 U.S.C. §

---

[2] The motion was submitted as a "motion to amend/correct" the amended judgment.  (*Id.*).

3771(e)(2)(A) (emphasis added).  The CVRA grants special privileges to crime victims.  The privileges include that victims have the right to notice of public court proceedings involving the crime, the right not to be excluded from such proceedings, the right to confer with the Government's counsel, the right to proceedings free from unreasonable delay, and the right to be heard at public proceedings under certain circumstances.  18 U.S.C. § 3771(a).

The Mandatory Victims Restitution Act ("MVRA") has a similar definition for crime victims.  Pursuant to the MVRA,

> the term "victim" means a person **directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered** including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2) (emphasis added).

Defendants' scheme to give or accept kickbacks to the detriment of Toms River clearly renders Toms River a crime victim as defined by both the CVRA and MVRA.  Accordingly, the application to strike Toms River's brief and appearance is denied.

The application to strike the brief and appearance of counsel for Travelers is different.  Travelers is not a victim because it was not "directly and proximately harmed as a result of the commission of [Defendants'] offense."  *See* 18 U.S.C. § 3771(e)(2)(A).  Rather, it voluntarily entered into an insurance contract with Toms River (the victim) to indemnify it against a loss.  *See United States v. Thompson*, 792 F.3d 273, 279 (2d Cir. 2015); *United States v. Hernandez*, No. 13-CR-20779, 2020 WL 3052337, at *9 (S.D. Fla. Jan. 9, 2020).

Even though Travelers is not a victim, a provider of compensation may be paid restitution under the MVRA.  Indeed, the statute mandates that restitution be paid to a "provider of

6

compensation" to a victim. The statute specifically states that an insurance company may be a provider of compensation:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1). Moreover, "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B).

Under the circumstances of this case, Travelers, an insurance company, qualifies as a provider of compensation to Toms River under the MVRA. In light of that statutory designation, Travelers has, at a minimum, the right to be heard regarding restitution for its payments to Toms River.

Overall, Travelers is not a victim, as the government suggests, because it was not directly and proximately harmed as a result of the commission of a crime under 18 U.S.C. §§ 3663A(a)(2) and 3771(e)(2)(A); but it is a provider of compensation and, as such, has a limited right to address restitution in this case. As a result, the motion to name Travelers as a victim is denied, but the Court *sua sponte* names Travelers as a provider of compensation to the victim. Thus, the motion to strike Travelers' appearance is denied.

### III.

The next issue is whether the Court should collect and pay restitution to Travelers as a provider of compensation. Although the MVRA mandates that the Court "shall order" that restitution be paid to the provider of compensation, the facts and circumstances of this case warrant a different approach for several reasons. *See* 18 U.S.C. § 3664(j)((1).

First, the pertinent statute (18 U.S.C. § 3664) concerns the "procedure for issuance and enforcement of order for restitution," and the statutory scheme envisions that restitution shall be determined at the time of sentencing. For instance, the statute requires the "probation officer to obtain and include in the presentence report . . . information sufficient for the court to . . . fashion[ ] a restitution order." 18 U.S.C. § 3664(a). Here, there are no facts before this Court indicating that Judge Pisano had any knowledge of the Travelers/Toms River relationship when he sentenced any of the four defendants – even though Toms River submitted a claim on February 14, 2012 before any defendants were sentenced, and Travelers paid Toms River $909,607.00 before Cotroneo's sentencing.[3] Retroactively attempting to properly credit restitution payments leaves the Clerk's Office vulnerable to making an error, such as what occurred upon receipt of the letter from Toms River's counsel to Investigator Carnanthan. Moreover, on or about June 19, 2015, Travelers issued five checks to Toms River totaling $589,688.00. No application has been made to the Court with regard to restitution for Travelers' payments to Toms River. In light of those facts, adhering to the statutory mandate to pay restitution to the provider of compensation at this late date is not prudent. *See* 18 U.S.C. § 3664(j)((1).

Second, the nature of Travelers' and Toms River's relationship arises out of a contract. Those parties administered their contractual duties as a business transaction without court involvement. There is no reason why the parties cannot manage the contract efficiently at this time on the same basis.

---

[3] As a general principle, all parties including a victim have an obligation to provide the probation officer with truthful information about all presentence matters, including restitution. Here, Toms River submitted a claim to Travelers on February 14, 2012, and the sentencing of Ritacco and Gartland occurred later that year, but Toms River did not disclose Traveler's involvement to probation at the time of the investigation. As such, Toms River did not fully disclose the matter. Therefore, there is no equitable reason to amend the judgment in order to facilitate payment of restitution to Travelers.

Lastly, and most importantly, the Clerk's Office's finance department's primary obligation is to ensure that the victim is fully compensated for its loss ($4,336,987.91).  The best and most efficient method to do so is to pay Toms River directly.  If Toms River finds that Travelers should be reimbursed in accordance with their insurance contract, it may do so without court intervention.

IV.

The final issue is whether the unilateral decision of the Clerk's Office's finance department to deduct Travelers' payment ($1,499,295) to Toms River from the amount of restitution owed was appropriate.  The short answer is that the deduction was incorrect.  The MVRA instructs that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance . . . be considered in determining the amount of restitution."  18 U.S.C. § 3664(f)(1)(B).  As such, the Clerk's Office's unilateral decision is null and void.[4]


August 16, 2021                                             s/*Peter G. Sheridan*
                                                            PETER G. SHERIDAN, U.S.D.J.

---

[4] One issue identified during the pendency of this motion concerned forfeiture funds held by the U.S. Attorney.  In the event such forfeiture funds are used for restitution by the U.S. Attorney's Office, they should confer with the Clerk's Office's finance department and seek a court order.